**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD RAY BEIERLE,

    Petitioner-Appellant,

v.

TONY REED; ATTORNEY GENERAL
OF THE STATE OF COLORADO,

    Respondents-Appellees.

No. 02-1384

(D.C. No. 02-Z-1485)

(D. Colorado)

**ORDER**[*]

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

Petitioner Donald Ray Beierle, a Colorado state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, deny his request for a COA, and dismiss the appeal.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S. Ct. at 1034. After careful review of the record, we conclude the requirements for issuance of a COA have not been met.

In 1991, Beierle pled guilty in state court to sexual assault on a child, in violation of Colo. Rev. Stat. § 18-3-405(2)(c). Although the conviction was a class 4 felony under Colorado law and carried a presumptive maximum sentence of sixteen years, see Colo. Rev. Stat. § 18-1-105(1)(a)(IV) (1991), the sentencing court apparently found the existence of extraordinary aggravating factors and imposed a sentence of eighteen years. In December 2000, Beierle filed a motion to correct illegal sentence in state court, asserting the aggravating factors relied upon by the sentencing court were not submitted to a jury and proved beyond a reasonable doubt, as required by Apprendi v. New Jersey, 530 U.S. 466 (2000). The court denied the motion and the denial was affirmed on appeal. On August 1, 2002, Beierle filed his § 2254 habeas petition asserting the same Apprendi challenge to his sentence.[1] In dismissing the petition, the district court concluded that "Apprendi does not apply retroactively to cases on collateral review." ROA, Doc. 3 at 2 (citing United States v. Mora, 293 F.3d 1213, 1218-19 (10th Cir. 2002)). We agree that our holding in Mora forecloses Beierle's claim for habeas relief.

---

[1] Beierle has abandoned his assertion in his § 2254 petition that the statute he was convicted of violating was unconstitutional because it lacked an enacting clause as required by the Colorado Constitution.

We DENY the request for a COA and DISMISS the appeal for substantially the same reasons as stated in the district court's order filed August 9, 2002. Beierle's motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge